1

2

3                     UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5                              * * *

6    FRANK ZANINI,                          Case No. 3:18-cv-00336-MMD-WGC

7                          Petitioner,              ORDER

         v.
8
     WARDEN BAKER, et al.,
9
                         Respondents.
10

11       Petitioner Frank Zanini has filed this habeas corpus action under 28 U.S.C. § 2254

12   with the assistance of counsel. Before the Court is the Second Amended Petition for writ

13   of habeas corpus (ECF No. 36) (the "Amended Petition") and Motion to File Exhibits Under

14   Seal (ECF No. 47) ("the Motion"). Having reviewed the Amended Petition under Rule 4 of

15   the Rules Governing Section 2254 Cases in the United States District Courts, the Court

16   directs Respondents to file an answer or other response to the Amended Petition. The

17   Court also finds that there are compelling reasons to grant the Motion because the exhibits

18   in question are Petitioner's medical records, which contain confidential and sensitive

19   information. *See Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

20       It is therefore ordered that Respondents file a response to the Amended Petition,

21   including potentially by filing motion to dismiss, within 60 days from the date of entry of

22   this order and that Petitioner may file a reply within 30 days of service of an answer. The

23   response and reply time to any motion filed by either party, including a motion filed in lieu

24   of a pleading, will be governed instead by Local Rule LR 7-2(b).

25       It further is ordered that any procedural defenses raised by Respondents to the

26   counseled Amended Petition must be raised together in a single consolidated motion to

27   dismiss. In other words, the Court will not address any procedural defenses raised herein

28   either in serial fashion in multiple successive motions to dismiss or embedded in the

1  answer. Procedural defenses omitted from such motion to dismiss will be subject to

2  potential waiver. Respondents must not file a response in this case that consolidates their

3  procedural defenses, if any, with their response on the merits, except pursuant to 28

4  U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents

5  do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within

6  the single motion to dismiss not in the answer; and (b) they must specifically direct their

7  argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v.*

8  *Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including

9  exhaustion, can be included with the merits in an answer. All procedural defenses,

10  including exhaustion, instead must be raised by motion to dismiss.

11      It further is ordered that, in any answer filed on the merits, Respondents must

12  specifically cite to and address the applicable state court written decision and state court

13  record materials, if any, regarding each claim within the response as to that claim.

14      It further is ordered that Petitioner's motion to file exhibits under seal (ECF No. 47)

15  is granted.

16

17      DATED THIS 14th day of February 2020.

18

19

20      MIRANDA M. DU
        CHIEF UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28