UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANK ZANINI,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br>WARDEN BAKER, *et al.*,<br>　　　　　　　　　Respondents. | Case No. 3:18-cv-00336-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

This is a *habeas corpus* action under 28 U.S.C. § 2254. Currently before the Court is Respondent Warden Baker's motion to dismiss. (ECF No. 51). The Court finds that Petitioner Frank Zanini has not exhausted his state-court remedies for grounds 2, 8(A), 10(B), and 10(C) of the second amended petition. (ECF No. 36). Petitioner argues that if he returns to state court, then the state courts will use state-law procedural bars to deny relief. Consequently, those grounds are technically exhausted but procedurally defaulted. The Court will defer until the briefing on the merits whether Petitioner can show cause and prejudice to excuse the procedural default of grounds 8(A), 10(B), and 10(C), for which he has arguments for cause and prejudice. The Court will dismiss ground 2 because Petitioner has no argument for cause and prejudice to excuse its procedural default. The Court rejects Respondents' other arguments. The Court thus grants the motion to dismiss in part.

**II.　BACKGROUND**

Petitioner was charged in state district court with two counts of sexual assault with a minor under 16 years of age and 15 counts of sexual assault with a minor under 14 years of age. (ECF No. 43-2.) Petitioner's niece, J.Z., was the minor in all 17 counts. The jury found Petitioner guilty of two counts of sexual assault with a minor under 16 years of

age and one count of sexual assault with a minor under 14 years of age. (ECF No. 10-3.) The state district court convicted Petitioner accordingly. (ECF No. 10-4.) Petitioner appealed, and he filed an opening brief. (ECF No. 10-6.) The Nevada Supreme Court affirmed. Ex. 9 (ECF No. 10-9.) The Nevada Supreme Court then denied rehearing and *en banc* reconsideration. (ECF No. 10-11, 10-15.)

Petitioner then filed a proper-person post-conviction petition for a writ of *habeas corpus* in the state district court. (ECF No. 10-17.) The state district court appointed counsel, who filed a supplement. (ECF No. 10-19.) The state district court held an evidentiary hearing. (ECF No. 44-2, 44-3.) The state district court then denied the petition. (ECF No. 44-4.) Petitioner appealed, and the Nevada Supreme Court affirmed. (ECF No. 10-26.)

Petitioner then commenced this action with a proper-person petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. (ECF No. 4.) The Court appointed counsel. Petitioner filed a counseled first amended petition. (ECF No. 8.) Petitioner then filed the counseled, operative second amended petition. (ECF No. 36.)

### III.     LEGAL STANDARD

#### A.     TIMELINESS

An amended *habeas corpus* petition "does not relate back (and thereby escape [§ 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." *Id.* at 664. "If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back." *See Ross v. Williams*, 950 F.3d 1160 (9th Cir. 2020) (en banc), *cert. denied sub nom. Daniels v. Ross*, ___ U.S. ___, 2020 WL 6551908 (Nov. 9, 2020). If a claim in an untimely amended petition shares a common core of operative fact with a claim in a

previous, timely petition, then the claim relates back even if it alleges a different legal theory. *See Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296-97 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017).

## B.     EXHAUSTION

Before a federal court may consider a petition for a writ of *habeas corpus*, the petitioner must exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

## C.     PROCEDURAL DEFAULT

A federal court will not review a claim for *habeas corpus* relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can

3

demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court would rely in this case are adequate and independent state rules. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); *Loveland v. Hatcher*, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996) (same).

**IV.   DISCUSSION**

**D.   ALL GROUNDS ARE COGNIZABLE IN FEDERAL HABEAS CORPUS**

Respondents argue that grounds 1, 2, 3, 5, 6, and 7 are not cognizable in federal *habeas corpus* because they are claims of violation of state law with only a mention of federal law. (ECF No. 51 at 15.) Petitioner has not responded to this argument. (ECF No. 58.) Respondents note the lack of an opposition. (ECF No. 63 at 13.)

Nonetheless, the Court disagrees with Respondents. Petitioner did cite provisions of federal law in these grounds. The issues then become whether the state-court decisions on these claims are contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1). Those issues are better left to determinations on the merits.

**E.   ALL GROUNDS ARE TIMELY FILED**

Respondents' initial argument regarding timeliness incorrectly calculated the start of the one-year period of limitation under 28 U.S.C. § 2244(d)(1). Having been apprised of the correct start date, Respondents withdraw their argument that ground 10(C) is untimely. (ECF No. 63 at 2.)

Petitioner filed both his initial, proper-person petition and his counseled first amended petition within the one-year period of limitation. He filed his counseled second

amended petition after the one-year period expired. Claims in the second amended petition thus must relate back to claims in an earlier petition to be timely.

### 1. Ground 3(A) Relates Back

Ground 3(A) is a claim that the prosecution elicited inadmissible hearsay. J.Z. testified about what she told her friends T.A. and M.G. out of court. She also testified about what T.A. and M.G. said to her. (ECF No. 36 at 21-22.) The corresponding claim in the first amended petition is part of ground 3, which in turn is excerpted from the opening brief on direct appeal. (ECF No. 8 at 23-27.) In ground 3 of the first amended petition, Petitioner claimed that the prosecution elicited inadmissible hearsay from T.A. and M.G. about what J.Z. told them out of court, as well as what they said to her. (*Id.*) Except for some minor differences, the hearsay statements are the same in ground 3 of the first amended petition and ground 3(A) of the second amended petition. Only the witnesses and the declarants have switched between the two claims. The two claims share the same core of operative facts. Ground 3(A) relates back to ground 3 of the first amended petition. *See Valdovinos v. McGrath*, 598 F.3d 568, 575 (9th Cir. 2010).

### 2. Ground 6(A) Relates Back

Ground 6(A) is a claim that J.Z. gave irrelevant and inflammatory testimony about prior sexual abuse by people other than Petitioner. It alleges that J.Z. testified that her biological father sexually abused her, a man named Byron Perry committed statutory sexual seduction, and that her grandfather sexually abused her. In the initial, proper-person petition, Petitioner alleged J.Z.'s sexual abuse by her father and the statutory sexual seduction of J.Z. by two older men, one of whom was Perry. (ECF No. 4 at 11-12.) In the first amended petition, Petitioner alleges the hearsay statements of J.Z.'s grandfather about his sexual abuse of J.Z. (ECF No. 8 at 35.) Ground 6(A) shares a common core of operative fact with the earlier petitions, and it relates back.

### 3. Ground 8(A) Relates Back

Ground 8 contains two claims that the prosecution withheld material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In ground 8(B), which

Respondents do not challenge as untimely, Petitioner alleges that the prosecution failed to timely disclose the transcript of J.Z.'s interview by two detectives on September 25, 2009. In ground 8(A), which Respondents do challenge as untimely, Petitioner alleges that the prosecution failed to disclose exculpatory and impeachment evidence of J.Z.'s interview by the prosecutor and the prosecution's investigator on September 18, 2009. Its equivalent is ground 6 of the first amended petition. (ECF No. 8 at 38-40.)

The Ninth Circuit has addressed this type of issue and has determined that such an amended claim relates back to the original claim:

> Here, both the original and amended claims pertain to suppressed exculpatory evidence originating from materials from the police investigation. Each claim, therefore, is of the same type—*exculpatory information the government had in its file—that the government failed to disclose at the required time*. As in Mandacina [*v. United States*, 328 F.3d 995 (8th Cir. 2003)], "[t]he *Brady* claims in the original [petition] ... satisfy Rule 15(c) by providing the government with the notice that the statutes of limitation were intended to provide." *Id*. Therefore, we hold that the district court did not abuse its discretion in permitting the amendments to the Brady claims.

*Valdovinos v. McGrath*, 598 F.3d 568, 575 (9th Cir. 2010) (emphasis added), *vacated on other grounds sub nom. Horel v. Valdovinos*, 562 U.S. 1196 (2011). The emphasized portion makes clear that, for the purposes of relation back, the type of fact is "exculpatory information that the government had in its file," and it is not anything more specific than that. Furthermore, the relevant time is the time that the prosecution needed to, but did not, disclose the information, and it is not the time that the exculpatory information was created. It makes no difference that ground 8(A) refers to an interview by the prosecutor and investigator on September 18, 2009, and that ground 6 of the first amended petition refers to an interview by two detectives on September 25, 2009. It is sufficient for the purposes of relation back that both pieces of evidence are pieces of evidence that the prosecution should have disclosed in a timely fashion. Ground 8(A) relates back to the first amended petition.

///

### 4. Ground 10(B) Relates Back

Ground 10(B) is a claim that trial counsel provided ineffective assistance because trial counsel did not object to the prosecution's failure to disclose the exculpatory statements that J.Z. made to the prosecutor and the investigator on September 18, 2009. Even though the legal theory is different, this claim, like the underlying claim in ground 8(A), shares a common core of operative fact with ground 6 of the first amended petition. *See Nguyen*, 736 F.3d at 1297. Ground 10(B) relates back to the first amended petition.

### F. EXHAUSTION AND PROCEDURAL DEFAULT

#### 1. Ground 1(C) is Exhausted

Ground 1(C) is a claim that the trial court erred when it allowed witnesses to testify to evidence that Petitioner had been in plea negotiations with the prosecution. Petitioner presented a similar argument on direct appeal. (ECF No. 10-6 at 17-21.) The difference, Respondents argue, is that now ground 1(C) argues that evidence was cumulative and irrelevant. The Court disagrees. The argument is not so different from the claim presented to the Nevada Supreme Court to make it unexhausted. *See Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). Ground 1(C) is exhausted.

#### 2. Ground 3(A) is Exhausted

Ground 3(A) is a claim that the prosecution elicited inadmissible hearsay from J.Z. pertaining to her out-of-court statements to T.A. and M.G. Respondents argue that the claim presented on direct appeal, which now is ground 3(C), involved T.A.'s and M.G.'s testimonies about J.Z.'s out-of-court statements. (ECF No. 10-6 at 28-32.)

The Court disagrees. Petitioner concludes in ground 3(A), "J.Z.'s hearsay statement to T.A. and M.G. were introduced prior to her cross-examination and thus, were not offered to rebut evidence impeaching her testimony or credibility. Moreover, as further detailed below, the referenced hearsay statements to M.G. and T.A. concerned uncharged criminal conduct that was inconsistent with the allegations relayed by J.Z. during her testimony." (ECF No. 36 at 22.) J.Z.'s hearsay testimony of what T.A. and M.G. said to her, though alleged in ground 3(A), are not part of the argument of ground 3(A).

7

Consequently, the operative facts of ground 3(A), J.Z.'s statements to T.A. and M.G. are not different from what Petitioner raised on direct appeal. Ground 3(A) is exhausted.

### 3. Ground 3(B)(1) is Exhausted

Ground 3(B)(1) claims that the trial court admitted into evidence inadmissible hearsay statements from J.Z. that were not prior consistent statements. Respondents argue that Petitioner presented more examples in the second amended petition than he presented in his direct-appeal brief. (ECF No. 10-6 at 25-28.) The Nevada Supreme Court rejected the argument summarily. (ECF No. 10-9 at 8 n.6.) The Court agrees with Petitioner that the additional facts do not fundamentally alter the claim from what he presented to the state courts. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). Ground 3(B)(1) is exhausted.

### 4. Ground 4 is Exhausted

Ground 4 claims that the prosecution engaged in misconduct by improperly vouching for J.Z. In issue 3 on direct appeal, Petitioner argued that the hearsay testimony of Detective Amber Swartwood improperly vouched for J.Z. (ECF No. 10-6 at 26-28.) Respondents argue that in ground 4 Petitioner adds an argument that the prosecutor improperly vouched for J.Z. However, Petitioner notes that the opening brief states, "Most significantly, the prosecutor made multiple references to allegations made by J. to [Swartwood] that J. *never testified to* on direct, including the damaging allegation that Frank had told J. to claim that some boy up the street had made her pregnant if she had become pregnant after one of their encounters." (ECF No. 10-6 at 27) (emphasis in original). Respondents also argue that Petitioner has added a new legal theory: prosecutorial misconduct. However, misconduct was the theory behind the vouching claim on direct appeal. (ECF No. 10-6 at 17.) Ground 4 is exhausted.

### 5. Ground 6(A) and 6(C) are Exhausted

In ground 6, Petitioner claims that the trial court violated his constitutional rights by admitting irrelevant, inadmissible, and inflammatory evidence, which in turn bolstered J.Z.'s testimony about her abuse by Petitioner. Ground 6 has three parts. In ground 6(A),

Petitioner alleges the parts of J.Z.'s testimony relevant to ground 6. In ground 6(B), Petitioner alleges the parts of Terry Ann Taack's[1] testimony relevant to ground 6. In ground 6(C), Petitioner then argues why those parts of J.Z.'s and Terry Ann's testimonies were irrelevant, inadmissible, and inflammatory.

Respondents argue that ground 6(A), and, by extension ground 6(C) are not exhausted because Petitioner alleges more facts in ground 6(A) than he did on direct appeal. On direct appeal, Petitioner argued that the admission of J.Z.'s hearsay testimony was irrelevant, prejudicial, and inflammatory. (ECF No. 10-6 at 36-37.) The hearsay testimony in question was the admission of Ronald Zanini, J.Z.'s grandfather, to J.Z. that he had sexually abused her. (*Id.*) In ground 6(A), Petitioner repeats that argument. He also includes evidence that J.Z.'s father had molested J.Z. and that Byron Perry was charged and convicted of statutory sexual seduction of J.Z. (ECF No. 36 at 40.) However, the claim in ground 6 is that this evidence bolstered J.Z.'s testimony about Petitioner's abuse of her. The additional allegations about J.Z.'s abuse by her father and Perry's conviction for statutory sexual seduction do not fundamentally alter this claim. *See Hillery*, 474 U.S. at 260. Grounds 6(A) and 6(C) are exhausted.

### 6. Ground 9 is Exhausted

In ground 9, Petitioner claims that the trial court violated his rights when it allowed the prosecution to file a late amended information, which significantly broadened the nature and cause of the charges against him.

The first amended information was the operative charging document through the beginning of Petitioner's trial. (ECF No. 10-2.) It charged Petitioner with two counts of sexual assault with a minor under 16 years of age and 15 counts of sexual assault with a minor under 14 years of age, for a total of 17 counts. (*Id.*) During the trial, the prosecution sought, and the trial court granted, leave to file a second amended information. The charged offenses did not change, but the dates of some charged offenses did change.

---

[1] Terry Ann Taack is J.Z.'s aunt, Ronald Zanini's daughter, and sister to both Petitioner and J.Z.'s father.

9

(ECF No. 43-2.) Petitioner was found guilty of counts 1 and 2, sexual assault with a minor under 16 years of age, and count 17 sexual assault with a minor under 14 years of age.[2] (ECF No. 10-3, 10-4.)

The second amended information changed the ranges of dates of two of the three counts for which Petitioner was convicted. The date range of count 1 changed from between March 1, 2008, and March 30, 2008, to between January 1, 2008, and July 17, 2008. The date range of count 17 changed from between December 13, 2004, and December 12, 2005, to between December 13, 2000, and December 13, 2006. The date range of count 2 did not change.

On direct appeal, Petitioner argued that the change in date ranges was improper. (ECF No. 10-6 at 45-46.) Respondents argue that in ground 9 Petitioner has added that "various other counts in the Second Amended Information likewise involve allegations of abuse, which had not been previously disclosed to law-enforcement by J.Z. and which Zanini first learned of at trial during J.Z.'s testimony." (ECF No. 51 at 13 (citing ECF No. 36 at 68).) However, the opening brief on direct appeal argued:

> The failure to give a defendant sufficient notice of the theory of the prosecution violates the Sixth Amendment, Due Process, and the Nevada Constitution, Art, 1 [sic] Sec. 8. . . . [T]his Court should not countenance the State's decision to change the information's allegations without providing adequate notice. Due process entitles Frank to know the state's theory of its case, the elements it intends to prove, and the facts in support of the elements.

(ECF No. 10-6, at 46.) Those two arguments are the same. The change in the date itself creates a new allegation of abuse, to which Petitioner had no notice. Rewording the argument in the second amended petition does not fundamentally alter the claim. Ground 9 is exhausted.

///
///

---

[2]As for the other 14 counts, the jury acquitted Petitioner on two counts and could not reach a decision on 14 counts. The prosecution decided not to retry Petitioner on the hung counts.

### 7. Grounds 10(B) and 10(C)

#### a. Grounds 10(B) and 10(C) are Technically Exhausted

Ground 10 contains claims of ineffective assistance of trial counsel. Ground 10(B), which the Court discussed above in the context of timeliness, is a claim that trial counsel failed to object to the prosecution's failure to disclose exculpatory statements made by J.Z. to the prosecutor and the investigator. Ground 10(C) is a claim that trial counsel failed to retain an expert on the field of child psychology, with experience on the issue of recantations by child victims of sexual assault. Petitioner acknowledges that he did not raise these claims in his state post-conviction *habeas corpus* petition. (ECF No. 36 at 69.)

Petitioner notes that if he returned to state court to exhaust this claim, then the state courts would find his new post-conviction petition to be untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810. Both of those statutes allow a court to excuse the procedural bars upon a showing of cause and prejudice. Petitioner notes that his only argument for cause and prejudice is the ineffective assistance of post-conviction counsel. The Nevada Supreme Court does not accept ineffective assistance of post-conviction counsel as an excuse to the procedural bars in a case like Petitioner's. *See Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). Consequently, no available procedure remains for Petitioner to raise the claim in the state courts. *See* 28 U.S.C. § 2254(c).

#### b. Grounds 10(B) and 10(C) are Procedurally Defaulted

Because the state courts would deny relief based upon state-law reasons that are adequate and independent of federal law, grounds 10(A) and 10(B) are procedurally defaulted. This Court cannot consider grounds 10(A) and 10(B) unless Petitioner can show cause and prejudice.

In federal courts the ineffective assistance of post-conviction counsel can be cause and prejudice to excuse a procedurally defaulted claim of ineffective assistance of trial counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner makes this argument. (ECF

11

No. 58 at 29-41.) Implicit in this argument is that Petitioner has no other viable arguments for cause and prejudice that he can raise with the state courts.

The Court prefers to address the matter in the same manner that it often does when a claim of cause and prejudice is based upon an independent claim of constitutionally ineffective assistance of either trial or appellate counsel. In such circumstances, the Court often defers a resolution of the cause-and-prejudice analysis until after the filing of an answer and reply contingently addressing the claims also on the merits, so that the Court may have the benefit in its analysis of a full factual and legal presentation as to all relevant claims. That is the procedure that the Court will follow herein.

### 8. Ground 8(A) is Technically Exhausted and Procedurally Defaulted

Ground 8(A) is a claim that the prosecution failed to disclose exculpatory and impeachment evidence of J.Z.'s interview by the prosecutor and the prosecution's investigator on September 18, 2009. It is a claim that underlies ground 10(B), which in turn claims that counsel failed to object to the prosecution's failure to disclose that evidence. Petitioner acknowledges that ground 8(A) is not exhausted. (ECF No. 36 at 49.)

Ground 8(A), like grounds 10(B) and 10(C), would face state-law procedural bars if Petitioner returned to state court to exhaust it. Petitioner does have a potential argument for cause and prejudice to excuse those procedural bars. Trial counsel provided ineffective assistance by failing to object to the lack of disclosure; this is ground 10(B). The problem is that ground 10(B) itself is procedurally defaulted and unable to provide cause and prejudice to excuse the procedural default of ground 8(A), unless the procedural default of ground 10(B) can be excused. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). As noted above, the state courts do not accept Petitioner's only argument for cause and prejudice to excuse the procedural bars for the claim in ground 10(B). Consequently, ground 8(A) is technically exhausted, but it is procedurally defaulted.

Petitioner's argument to excuse the procedural default of ground 8(A) depends upon the Court excusing the procedural default of that argument, ground 10(B), under *Martinez*. The Court is deferring consideration of the procedural default of ground 10(B) until the parties have briefed the merits of the petition. Consequently, the Court also will defer consideration of the procedural default of ground 8(A) until the parties have briefed the merits of the petition.

### 9. Ground 2

#### a. Ground 2 is Not Exhausted

In ground 2, Petitioner claims that the trial court violated his constitutional rights when it admitted irrelevant and prejudicial testimony by an unqualified expert. On direct appeal, Petitioner raised a similar argument under state law, but he acknowledges that ground 2 is not exhausted because he did not raise the argument as a matter of federal law. (ECF No. 58 at 6.)

#### b. Ground 2 is Procedurally Defaulted

Ground 2 is technically exhausted and procedurally defaulted for the same reason why grounds 8(A), 10(B), and 10(C) are procedurally defaulted. The state courts will apply the procedural bars against an untimely and successive petition to the claim in ground 2. The only excuse that Petitioner can present, ineffective assistance of post-conviction counsel, is an argument that the state courts do not accept. *See Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

#### c. Petitioner Cannot Excuse the Procedural Default

Petitioner has explained that his only argument for cause and prejudice to excuse procedural default is the ineffective assistance of post-conviction counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). However, *Martinez* applies only to claims of ineffective assistance of trial counsel that were procedurally defaulted in the initial state post-conviction proceedings. Ground 2 is not a claim of ineffective assistance of trial counsel; it is a claim of trial-court error. *Martinez* does not apply to ground 2. The Court thus dismisses ground 2 as procedurally defaulted.

Petitioner states that he would wait for the Court's decision to decide whether to dismiss ground 2 or to seek a stay. However, Petitioner has no argument for cause and prejudice to excuse both the state-law procedural bars and federal procedural default. A stay would only delay the inevitable dismissal of ground 2, and it would delay resolution of this action. The Court would deny a stay under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), if Petitioner asked for one.

Another procedure of staying this action that does not require good cause would not help Petitioner. Under this procedure, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). A petitioner need not show good cause to stay an action under the *Kelly* procedure. *King*, 564 F.3d at 1141. However, a *Kelly* stay would not preserve ground 2. First, as with a *Rhines* stay, ground 2 would be procedurally barred in state court and procedurally defaulted in federal court. Petitioner has no argument for cause and prejudice to excuse the procedural default of ground 2. Second, after petitioner would have finished exhausting ground 2 and would have returned to this court, ground 2 would need to relate back to a claim that was exhausted at the time of filing. *King*, 564 F.3d at 1142. No exhausted claim in the initial petition or the first amended petition shares a common core of operative fact with ground 2. A *Kelly* stay would not only result in an inexcusable procedural default for ground 2, it also would make ground 2 untimely. Consequently, the Court will not consider a *Kelly* stay *sua sponte*.

///

///

///

///

14

## V.     CONCLUSION

It therefore is ordered that Respondents motion to dismiss (ECF No. 51) is granted in part.

It further is ordered that ground 2 of the second amended petition (ECF No. 36) is dismissed with prejudice because it is procedurally defaulted.

It further is ordered that the Court defers consideration of whether Petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Grounds 8(A), 10(B), and 10(C) until after the filing of an answer and reply in this action.

It further is ordered that, within 60 days of entry of this Order, Respondents must file an answer addressing all claims in the amended petition on the merits, under a *de novo* standard of review as to Grounds 8(A), 10(B), and 10(C), and also addressing whether Grounds 8(A), 10(B), and 10(C) are barred by procedural default under federal law.

It further is ordered that Petitioner shall have 30 days from service of the answer within which to file a reply.

DATED THIS 24th Day of March 2021.

MIRANDA M. DU  
CHIEF UNITED STATES DISTRICT JUDGE